11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Vicente
Navarro                

Appellant

Vs.      
            No. 11-01-00272-CR  -- 
Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted Vicente Navarro of the offense of aggravated assault and made an
affirmative deadly weapon finding.  The
trial court assessed appellant=s punishment at confinement for 20 years.  We affirm.  

                                                                  Issues
Presented

Appellant
presents three points of error on appeal. 
In the first and second points, he challenges the factual and legal
sufficiency of the evidence.  Appellant
contends that the evidence is insufficient to show that he was the person who
committed the offense.  In his third
point, appellant complains of error in the prosecutor=s jury argument.  

                                                          Sufficiency
of the Evidence

In order
to determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence in support of a vital fact is so weak as to be
clearly wrong and manifestly unjust or whether the finding of a vital fact is
so contrary to the great weight and preponderance of the evidence as to be
clearly wrong and manifestly unjust. 
Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23
S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997);
Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  








The record
shows that Saul Horcasitas, the 20-year-old complainant, was shot while driving
home one night from a club at which his sister worked.  The bullet entered the complainant=s back and paralyzed him for life.  Although neither the complainant nor his
passengers actually saw the person who fired the shot, they testified that,
while they were attempting to leave the club parking lot, a vehicle with at
least two unknown people in it was parked behind the complainant=s vehicle and was blocking the way.  The complainant described the suspect=s vehicle as a Ablue, pickup SUV@ Chevrolet.  After waiting
several minutes for the blue vehicle to move, the complainant honked his horn
twice.  The blue vehicle Apeeled out,@ and the complainant left. 
Shortly thereafter, the same blue vehicle came from behind them,
swerving and driving erratically.  As
the blue vehicle passed the complainant=s, the shot was fired.  The
passenger=s side of the blue vehicle was close to the
complainant=s side of his vehicle when the incident
occurred.  

The
complainant=s sister, Rosio Horcasitas, testified that
appellant had been in the club on the night her brother was shot and that he
had given her his phone number. 
Subsequently, not knowing that Rosio was the complainant=s sister, appellant admitted to Rosio that he
had fired one shot Ato the
one in the car.@  

The State
also called Isidoro Najera Cruz, a Ahostile@ witness, to testify.  Cruz and appellant were friends and
coworkers.  Cruz said that he drove a
1981 blue and white Ablazer
truck.@  Cruz
testified that he was driving the night of the incident and that appellant was
with him.  Cruz testified that, as they
were pulled up beside another car, he heard a shot but that he did not see
anything else.  Detective Jose Jimenez
testified about prior statements that Cruz had made where Cruz told the officer
that he was afraid of appellant and terrified that if he told what happened
appellant would hurt him or his family. 
The detective testified that Cruz also told him the following details
about the night of the shooting.  After
an incident involving another vehicle in a parking lot of a club, appellant
told Cruz to follow the vehicle.  Cruz
did.  When they pulled up next to the
other vehicle, appellant stuck his arm out the window and fired one shot from
an unknown object.  Appellant was
sitting in the passenger=s seat of Cruz=s
vehicle.  

We hold
that the evidence is both factually and legally sufficient to show that
appellant was the person who committed the offense.  The first and second points of error are overruled.  








                                                                   Jury
Argument

In his
third point, appellant complains that the prosecutor constantly misstated and
characterized the evidence to the jury during his closing argument.  Appellant, however, failed to preserve this
issue for review.  A defendant's failure
to object to a jury argument or his failure to pursue his objection to an
adverse ruling Aforfeits his right to complain about the
argument on appeal.@  Cockrell v. State, 933 S.W.2d 73, 89
(Tex.Cr.App.1996), cert. den=d, 520 U.S. 1173 (1997).  The
record shows that appellant made three objections to the prosecutor=s closing argument.  The trial court did not overrule any of these
objections.  Rather, after each
objection, the trial court instructed the jury to Arecall the evidence as you recall it.@ 
Appellant did not pursue his objections to an adverse ruling.  Consequently, appellant forfeited his right
to complain on appeal.  The third point
of error is overruled.  

                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed. 


 

TERRY McCALL

JUSTICE

 

June 27, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.